1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Nick Coons, et al.,                    )   No. CV-10-1714-PHX-GMS
                                            )
10              Plaintiffs,                 )   **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Timothy Geithner, et al.,              )
13                                          )
                Defendants.                 )
14                                          )
                                            )
15   _____

16         Pending before the Court are Defendants' Motion to Dismiss (Doc. 42), Plaintiffs'

17   Motion to Treat Defendants' Motion to Dismiss as a Motion for Summary Judgment in Part

18   (Doc. 48), Plaintiffs' Motion for Partial Summary Judgment (Doc. 49), Defendants' Motion

19   for Summary Judgment (Doc. 65), Plaintiffs' Motion to Strike Defendants' Statement of

20   Facts (Doc. 73), and Plaintiffs' Motion for Leave to file a Sur Reply. (Doc. 75). For the

21   reasons stated below, Counts I, II, III, VI, and VII are dismissed, and Plaintiffs are invited

22   to submit a 7-page supplemental brief regarding Counts IV, V, and VIII.

23                              **BACKGROUND**

24         Plaintiffs challenge the constitutionality of the Patient Protection and Affordable Care

25   Act of 2010 ("PPACA"), Pub. L. No. 111-148, 124 Stat. 119 (2010), as amended by the

26   Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029

27   (2010) ("HCERA"). Plaintiffs are Nick Coons and two members of the United States House

28   of Representatives, Jeff Flake and Trent Franks. (Doc. 35).

1    The complaint includes six active primary counts, namely (I) the PPACA exceeds

2    Congress's power under the Commerce Clause, (Doc. 35 ¶¶ 26–52), (II) it exceeds the

3    implied power granted by the necessary and proper clause (*id.* ¶¶ 53–65), (III) it exceeds the

4    federal government's taxing power, (*id.* ¶¶ 66–77), (IV) it violates the Fifth and Ninth

5    Amendments by restricting Plaintiffs' medical autonomy (*id.* ¶¶ 78–85), (V) it violates the

6    Fourth, Fifth and Ninth Amendments by violating their privacy (*id.* ¶¶ 86–91),[1] and (VII) it

7    violates the doctrine of the separation of powers by establishing the Independent Payment

8    Advisory Board "IPAB" (*id.* ¶¶ 114–126), and one alternate count, namely that (VIII) the Act

9    does not pre-empt Arizona state health care legislation. (*Id.* ¶¶ 127–134). On January 17,

10   2012, this Court stayed the proceedings pending the outcome of a facial challenge to the

11   PPACA at the United States Supreme Court. (Doc. 81). On June 28, 2012, the Supreme

12   Court issued its opinion in *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 132 S. Ct. 2566 (2012). In

13   that opinion, the Court upheld all portions of the PPACA that are challenged in this lawsuit,

14   and limited the application of certain provisions that are not challenged here. *See id.*

15                                    **DISCUSSION**

16   **I.    Legal Standard**

17   "A facial challenge to a legislative Act is, of course, the most difficult challenge to

18   mount successfully, since the challenger must establish that no set of circumstances exists

19   under which the Act would be valid." *U.S. v. Salerno*, 482 U.S. 739, 745 (1987). "[W]here

20   an otherwise acceptable construction of a statute would raise serious constitutional problems,

21   the Court will construe the statute to avoid such problems." *Edward J. DeBartolo Corp. v.*

22   *Florida Gulf Coast Bldg. and Constr. Trades Council*, 485 U.S. 568, 575 (1988). In passing

23   the PPACA, "it is reasonable to construe what Congress has done as increasing taxes on

24   those who have a certain amount of income, but choose to go without health insurance," and

25

26   ────────────────

27   [1] Plaintiffs voluntarily dismissed Count VI of their Amended Complaint (Doc. 51 at
     58).

28                                        - 2 -

1  "[s]uch legislation is within Congress's power to tax." *Nat'l Fed'n of Indep. Bus.* 132 S.Ct.

2  at 2608.

3  **II.    Discussion**

4      **A.    Commerce Clause, Necessary and Proper Clause, and Taxing Power**

5      The Supreme Court's ruling completely resolves three of Plaintiffs' remaining seven

6  counts. According to that ruling, "the individual mandate cannot be upheld as an exercise of

7  Congress's power under the Commerce Clause," and also cannot "be sustained under the

8  Necessary and Proper Clause as an essential component of the insurance reforms." *Nat'l*

9  *Fed'n of Indep. Bus.*, 132 S. Ct. at 2592, 2608, at  Nevertheless, PPACA may be construed

10 as a tax on those who fail to obtain health insurance and are not otherwise exempted, and is

11 thereby a constitutional exercise of Congress's taxing power. *Id.* at 1608. Therefore, Count

12 III is dismissed on the merits and Counts I and II are dismissed as moot.

13     **B.    Anti-Delegation**

14     Plaintiffs next argue that the Congress improperly delegated its legislative authority

15 in violation of Article I of the United States Constitution by passing the Act. *See* U.S. CONST.

16 art. I, § 1. ("All legislative Powers herein granted shall be vested in a Congress of the United

17 States."). The anti-delegation doctrine requires only that Congress provide an "intelligible

18 principle" when enacting legislation, and "[i]n the history of the Court we have found the

19 requisite 'intelligible principle' lacking in only two statutes, one of which provided literally

20 no guidance for the exercise of discretion, and the other of which conferred authority to

21 regulate the entire economy on the basis of no more precise a standard than stimulating the

22 economy by assuring 'fair competition.'" *Whitman v. American Trucking Ass'n*, 531 U.S.

23 457, 474 (2001). To survive an anti-delegation challenge, Congress need only "clearly

24 delineate[] the general policy, the public agency which is to apply it, and the boundaries of

25 this delegated authority." *Mistretta v. U.S.*, 488 U.S. 361, 372–73 (1989) (quoting *American*

26 *Power & Light Co. v. SEC,* 329 U.S. 90, 105 (1946)); *see generally* 42 U.S.C. § 1395kkk.

27 It has met that test here. Plaintiffs offer a number of criticisms of the PPACA, but it is not

28

1   the job of this court to weigh in on the wisdom of legislation so long as it is constitutional.

2   *See Nat'l Fed'n of Indep. Bus.*, 132 S. Ct. at 2608. ("Under the Constitution, that judgement

3   is reserved to the people.").

4               **C.     Substantive Due Process and Pre-emption**

5           In Count Four, Plaintiff Coons claims that the Act violates his "right to medical

6   autonomy by forcing him to apply limited financial resources to obtaining a health care plan

7   he does not desire." (Doc. 35 at 20). In Count Five, Plaintiffs allege that the Act violates the

8   Fourth, Fifth, and Ninth Amendments because it compels individuals to "authorize access

9   to personal medical records and information to health insurance issuers." (Doc. 35 at 22). In

10  Count VIII, Plaintiffs argue that the individual mandate and penalty provisions of the

11  PPACA, "even if constitutional, are preempted by the Arizona Constitution and the state's

12  Health Care Freedom Act." (Doc. 49 at 2). *See* Ariz. Rev. Stat. ("A.R.S.") § 36-1301; ARIZ.

13  CONST. XXVII, § 2(A).[2]

14          The Court notes that all of these counts depend upon reading the statute as mandating

15  the purchase of health insurance. Construed under the taxing power, the Act does not directly

16  compel people to purchase health insurance, and does not penalize them for paying for health

17  care directly. Those who forgo purchasing insurance must pay a tax, but, "if someone

18  chooses to pay rather than obtain health insurance, [he has] fully complied with the

19  law."*Nat'l Fed'n of Indep. Bus.*.132 S. Ct. at 2597. Since, construed as a tax, the provisions

20  that Plaintiffs have cited do not mandate the purchase of health insurance, it is not clear that

21  they mandate the violation of Plaintiffs' "medical autonomy," compel disclosure of medical

22  information, or conflict with Arizona laws that permit people to choose not to purchase

23  health insurance. Nevertheless, since Plaintiffs have not had an opportunity to brief the

24  question of whether the Act denies them a substantive due process right or conflicts with

25  _____

26          [2] As a matter of law, state laws or constitutions cannot pre-empt federal laws. *See*
27  *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012) ("[S]tate laws are preempted when
    they conflict with federal law.").

28                                           - 4 -

1    Arizona state law when construed as a tax, they will be granted the opportunity to do so now.

2                                    **CONCLUSION**

3          In light of the Supreme Court's decision upholding the constitutionality of the Patient

4    Protection and Affordable Care Act, Counts I, II, III, VI and VII are **dismissed.**

5          **IT IS HEREBY ORDERED:**

6          1.     Defendants' Motion to Dismiss (Doc. 42) is granted in part and denied in part.

7          2.     Plaintiffs will have **fourteen (14) days** from the date of this Order to submit

8    a brief of no longer than seven (7) pages addressing whether Counts IV, V, and VIII survive

9    given the Supreme Court's interpretation of the Act in *Nat'l Fed'n of Indep. Bus.* 132 S.Ct.

10   2566.

11         3.     Defendants will have **fourteen (14) days** from the date Plaintiffs submit their

12   brief to submit a seven (7) page response.

13         4.     Plaintiffs' Motion to Treat Defendants' Motion to Dismiss as a Motion for

14   Summary Judgment in Part (Doc. 48) is granted in part and denied in part.

15         5.     Plaintiffs' Motion for Partial Summary Judgment (Doc. 49) is denied.

16         6.     Defendants' Motion for Summary Judgment (Doc. 65) is granted in part and

17   denied in part.

18         7.     Plaintiffs' Motion to Strike (Doc. 73) is denied as moot.

19         8.     Plaintiffs' Motion for Leave to file a Sur Reply (Doc. 75) is granted.

20         DATED this 31st day of August, 2012.

21

22         *A. Murray Snow*

23                          G. Murray Snow
                            United States District Judge
24

25

26

27

28

                                    - 5 -